CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 26 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAVID L. WILLIAMS,
    Petitioner,

v.

UNITED STATES PAROLE
COMMISSION, et al.,
    Respondents.

Civil Action No. 7:06CV00191

**MEMORANDUM OPINION**

By: Hon. Jackson L. Kiser
United States District Judge

The petitioner, David L. Williams, a District of Columbia Code offender, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Williams is in federal custody pursuant to a warrant issued by the United States Parole Commission for violating the conditions of his parole. In his petition, Williams alleges that the Parole Commission violated his due process rights by failing to hold a probable cause hearing within five days of his arrest, and by not conducting a timely parole revocation hearing. The petition is presently before the court on the respondents' motion to dismiss. For the reasons set forth below, the court will grant the respondents' motion.

## BACKGROUND

On September 26, 1988, the Superior Court for the District of Columbia, in case number F-8008-87, sentenced Williams to a term of imprisonment of nine years and six months for distributing dilaudid. That same date, the Superior Court sentenced Williams to a five-year term of probation for distributing dilaudid in case number F-3740-88.

Williams was released on parole on March 17, 1992. He was ordered to remain under supervision until February 10, 2000.

On December 9, 1992, the Superior Court revoked Williams's five-year probation term in case number F-3740-88 and sentenced him to a ten-year term of imprisonment. Williams was later released on parole on April 15, 1994. He was ordered to remain under supervision until December 8, 2002.

Williams's parole was subsequently revoked on four separate occasions. On August 19, 2004, Williams was released on parole by the United States Parole Commission.[1] Williams was ordered to remain under supervision until October 25, 2007.

On October 25, 2004, Darrell Gomes, the community supervision officer assigned to Williams, advised the Parole Commission that Williams had again violated several conditions of his parole. Specifically, Gomes noted that Williams had (1) failed to report for several office visits; (2) failed to obtained required medical testing; (3) tested positive for drugs and alcohol; and (4) failed to report for drug testing.

On March 2, 2005, the Parole Commission issued a parole violator warrant. The Parole Commission charged Williams with the following violations:

>    Charge No. 1 - Use of Dangerous and Habit Forming Drugs.
>
>    Charge No. 2 - Failure to Report to Supervising Officer as Directed.
>
>    Charge No. 3 - Violation of Special Condition (Drug Aftercare).

The Parole Commission advised the United States Marshals Service to lodge the warrant as a detainer if Williams was already in the custody of federal, state, or local authorities.

---

[1] The United States Parole Commission assumed responsibility for making parole release determinations for all eligible D.C. Code offenders, in accordance with the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)(1)).

On September 9, 2005, the Parole Commission was advised that Williams had been turned over to the custody of the United States Marshals Service, that the parole violator warrant had been executed on September 7, 2005, and that Williams had been placed in the Central Virginia Regional Jail.

On November 29, 2005, Rob Harper, a United States Probation Officer, conducted a preliminary interview to determine whether there was probable cause to believe that Williams had violated the conditions of his parole. Harper concluded that there was probable cause for each of the alleged violations.

On April 4, 2006, the Parole Commission advised Williams that it had found probable cause to believe that he had violated the conditions of his parole. The Commission further advised him that he was eligible for an expedited revocation procedure, by which he could accept responsibility for his violations, waive his right to a revocation hearing, and consent to revocation on the record. See 28 C.F.R. § 2.66. If Williams agreed to the expedited revocation proposal, the Commission offered to reparole him on September 6, 2006. The Commission did not receive a response to the proposal.

After Williams filed the instant petition, an attorney for the Parole Commission determined that Williams may have committed additional violations while on parole, which had not been reported to the Commission. The attorney referred the matter to a case analyst for the Commission. The case analyst discovered that Williams had been convicted of grand larceny and assault and battery in the Circuit Court for the County of Henrico while on parole.

On May 4, 2006, the case analyst requested that the Federal Bureau of Prisons designate Williams to a federal institution, so that he could receive a revocation hearing as

3

soon as possible. The respondents have advised the court that Williams was designated to the Federal Detention Center in Philadelphia, Pennsylvania on May 18, 2006, and that he will be scheduled for a revocation hearing upon his arrival at that institution.

## DISCUSSION

1. <u>Failure to hold a timely probable cause hearing.</u>

Williams first contends that the Parole Commission violated his due process rights by failing to hold a probable cause hearing within five days of his arrest, in accordance with 28 C.F.R. § 2.101(a). However, this regulation only applies to parolees who are retaken and held in custody in the District of Columbia or the Washington, D.C. metropolitan area. See 28 C.F.R. § 2.101(a).[2] Since Williams was taken into custody outside of the Washington, D.C. metropolitan area, § 2.101(a) does not apply to Williams.

2. <u>Failure to hold a timely revocation hearing.</u>

Williams also contends that the Parole Commission violated his due process rights by failing to hold a revocation hearing within ninety days after the parole violator warrant was executed. It is well established that a parolee has the right to a revocation hearing within a reasonable time after the parolee is taken into custody. Morrissey v. Brewer, 408 U.S. 471,

---

[2]Section 2.101(a) provides as follows:

A parolee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking. A parolee who is retaken and held in custody outside the District of Columbia, but within the Washington DC metropolitan area, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission within five days of the parolee's arrival at a facility where probable cause hearings are conducted. The purpose of a probable cause hearing is to determine whether there is probable cause to believe that the parolee has violated parole as charged, and if so, whether a local or institutional revocation hearing should be conducted. If the examiner finds probable cause, the examiner shall schedule a final revocation hearing to be held within 65 days of such parolee's arrest.

4

488 (1972). The applicable federal regulation provides that an "institutional revocation hearing shall be scheduled for a date that is within ninety days of the parolee's retaking." See 28 C.F.R. § 2.101(e).[3]

In this case, Williams was arrested for the parole violations on September 7, 2005. The respondents have advised the court that Williams was designated to FDC Philadelphia on May 18, 2006, and that a revocation hearing will be scheduled upon his arrival at the institution. Hence, Williams will have been in custody over nine months before he receives a revocation hearing. This delay clearly violates 28 C.F.R. § 2.101(e), and is likely unreasonable under Morrissey. However, to obtain habeas relief, a petitioner must show that prejudice has resulted from the delay. See Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Hanahan v. Luther, 693 F.2d 629, 635 (7th Cir. 1982); Page v. United States Parole Commission, 651 F.2d 1083, 1087 (5th Cir. 1981). Because Williams has not alleged any prejudice resulting from the Parole Commission's delay in holding the revocation hearing, he is not entitled to habeas relief.[4]

For the reasons stated, I will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner

---

[3] Section 2.101(e) applies when a parolee is not eligible for a local revocation hearing as provided by 28 C.F.R. § 2.101(a). The respondents explain that Williams will receive an institutional hearing, rather than a local hearing, as a result of his convictions for grand larceny and assault and battery. See 28 C.F.R. § 2.102(d)(1).

[4] The court notes that the remedy for a delayed revocation hearing is for the court to compel the Parole Commission to hold the hearing. See Sutherland, 709 F.2d at 732. Since the respondents have advised the court that a revocation hearing will be scheduled upon Williams's arrival at FDC Philadelphia, it appears that there is no cause for the court to issue an order compelling the Parole Commission to hold a hearing.

5

and all counsel of record.

        **ENTER**: This 26th day of June, 2006.

                                                                            */s/ Jackson L. Kiser*
                                                          Senior United States District Judge